Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004623
16-OCT-2015
08:22 AM

NO. CAAP-13-0004623 AND CAAP-13-0005575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
Q. BRITT CORMIER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CIVIL NO. 1RC13-1-1530)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant, Q. Britt Cormier (Cormier), *pro se*, appeals from an October 23, 2013 District Court of the First Circuit, 'Ewa Division (District Court) Order Denying Defendant's Motion to Dismiss Complaint and Granting Plaintiff's Motion for Summary Judgment (October 23 Order) in favor of Plaintiff-Appellee, the State of Hawai'i, Department of Labor and Industrial Relations (DLIR) and awarding DLIR $6,819.00 restitution for the improper collection of unemployment benefits.[1] Cormier also appeals from an October 25, 2013 District Court Judgment awarding costs in favor of DLIR in the amount of $55.00.[2]

On appeal, Cormier argues: (1) the District Court erred by setting aside an order of dismissal with prejudice against DLIR; (2) the District Court violated Cormier's Due Process rights by denying her motion to dismiss; (3) the District

_____

[1] The Honorable Gerald H. Kibe presided.

[2] The Honorable Paul B.K. Wong presided.

Court erred by granting DLIR's request for restitution because DLIR did not prove that Cormier had either the knowledge of wrongdoing or the intent to commit a crime; (4) Cormier was the victim of wrongful termination through discrimination by her employer; and (5) DLIR brought the case in bad faith. Cormier seeks reversal and remand.

After a careful review of the issues raised[3] and the arguments made by the parties, the record, and the relevant authority, we resolve Cormier's arguments as follows and affirm.

1. The District Court did not abuse its discretion when it dismissed the case with prejudice and later set aside the order of dismissal against DLIR under the District Court Rules of Civil Procedure Rule 60(b)(1). See, Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 45 P.3d 359 (2002) (decided under Hawai'i Rules of Civil Procedure Rule 60(b)). Under the circumstances, DLIR appears to have given a valid explanation for its failure to prosecute, counsel demonstrated the mistake was not due to gross carelessness, see Joaquin v. Joaquin, 5 Haw. App. 435, 443, 698 P.2d 298, 304 (1985) (construing Hawai'i Family Court Rule 60(b)(1)), and it was well within the discretion of the District Court to set aside its order.

2. The District Court did not err by denying Cormier's Motion to Dismiss. Before the District Court,[4] Cormier argued that the statute of limitations had run on DLIR's complaint under Hawaii Revised Statutes (HRS) § 657-1. However,

---

[3] Preliminarily, we note that Cormier's Opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b). However, the Hawai'i appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dep't, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994)). Moreover, Hawai'i appellate courts generally are more forgiving of technical flaws in pro se parties' briefs. See, e.g., Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 193, 268 P.3d 443, 446 (App. 2011). Here, while Cormier's arguments are unclear and very few facts are provided to support those arguments, some of Cormier's arguments are discernible. Additionally, DLIR did not argue that it was prejudiced by Cormier's failure to comply with HRAP 28. Therefore, we address those arguments that can be discerned.

[4] Cormier did not argue, as she does now, that her due process rights were violated by the denial of her motion. However, as she does not explain how her rights were violated, we decline to address this argument. HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.).

HRS § 657-1.5 exempts State agencies, such as DLIR, from any applicable statute of limitations so long as the statute, itself, does not specifically state that the State is subject to the statute of limitations. Cormier does not argue that HRS Chapter 383, under which this action was brought, makes the State subject to the statute of limitations.

3. The District Court did not err in awarding restitution. Cormier argues on appeal that DLIR failed to prove she was aware of her wrongdoing, but does not establish that she preserved this argument before the District Court, see State v. Fagaragan, 115 Hawai'i 364, 367-68, 167 P.3d 739, 742-43 (2007), nor does she provide authority for her premise that proof of a culpable state of mind was necessary.

4. Cormier's argument that she was the victim of wrongful termination was not raised below and therefore not properly preserved for appeal. Fagaragan, id.

5. Cormier's argument that the DLIR brought this case in bad faith has also not been preserved for appeal. Fagaragan, id.

Therefore, the District Court of the First Circuit, 'Ewa Division's October 23, 2013 Order Denying Defendant's Motion to Dismiss Complaint and Granting Plaintiff's Motion for Summary Judgment and the October 25, 2013 Judgment are affirmed.

DATED: Honolulu, Hawai'i, October 16, 2015.

On the briefs:

Q. Britt Cormier,
Defendant-Appellant, *pro se.*

Frances E.H. Lum,
Deputy Attorney General,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge